**Motions Denied and Order filed March 1, 2022.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-21-00274-CV
_____

## IN THE INTEREST OF E.M.S.

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 43370**

# ORDER

The Office of the Attorney General of Texas ("OAG") filed a notice of interlocutory appeal pursuant to section 51.014(a)(8) of the Texas Civil Practice and Remedies Code from the denial of a plea to the jurisdiction. The record before this court contains an order denying appellant's plea, signed by the trial court on May 27, 2021.

On June 17, 2021, appellant's brief was filed. Appellee's brief was filed July 29, 2021. Appellant filed a reply brief on August 2, 2021, and on August 10, 2021, appellee filed a sur-reply. In its brief, appellant does not challenge the trial court's

denial of its plea to the jurisdiction. Rather, appellant complains the trial court is barred from imposing sanctions against it and violates the separation of powers doctrine by sanctioning appellant. There is no sanctions order in the record before this court.

On February 3, 2022, appellant filed two motions: (1) a motion to dismiss this appeal as moot; and (2) a motion to issue temporary orders. The motion to dismiss contends the interlocutory appeal is moot because a final agreed order resolved the sanctions motion in favor of appellant. The motion further requests we hold "the agreed order is final for purposes of the pending interlocutory appeal and that the trial court impliedly denied the sanctions motion against the OAG." The motion for temporary orders requests this court find the trial court violated the statutory stay provided by section 51.014(b) of the Texas Civil Practice and Remedies Code by issuing a final order. The motion further requests we hold "the trial court denied the sanctions motion at issue in this interlocutory appeal in its final order and rendered the interlocutory appeal as moot." Alternatively, appellant requests we exercise our jurisdiction to issue temporary orders to preserve its right until disposition of the appeal. There is no agreed order in the appellate record and no notice of appeal from such an order.

This interlocutory appeal is permissible under section 51.014(8) as an appeal from the denial of a plea to the jurisdiction. Appellant raises no issues complaining of that order. Accordingly, none of appellant's issues are properly before this court. Because appellant makes no challenge to the order on appeal, the appeal is moot. *See Electric Reliability Council of Texas, Inc. v. Panda Power Generation Infrastructure Fund, LLC,* 619 S.W.3d 628, 634-35 (Tex. 2021).

2

On March 17, 2022, the Court will consider dismissal of the appeal on its own motion for want of jurisdiction. The appeal will be dismissed unless any party files a response on or before March 15, 2022, showing meritorious grounds for continuing the appeal.

The issues raised in appellant's motions in no way concern the denial of the plea to the jurisdiction and seek an advisory opinion on an order not before this court. *See Electric Reliability Council of Texas, Inc,* 619 S.W.3d at 634-35. The motions are denied.

PER CURIAM

Panel Consists of Justices Wise, Poissant, and Wilson.